

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RAJAT K. GUPTA and
RAJ RAJARATNAM,

Defendants.

11 Civ. 7566 (JSR)

ECF CASE

## FINAL CONSENT JUDGMENT AS TO DEFENDANT RAJ RAJARATNAM

The Securities and Exchange Commission having filed a Complaint and Defendant Rajaratnam having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Consent Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Consent Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $1,299,120, representing profits gained and losses avoided as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $147,738. Defendant shall satisfy this obligation by paying $1,446,858, to the Securities and Exchange Commission within 90 days after entry of this Final Consent Judgment.

Defendant may transmit payment electronically to the Commission, which will provide

detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Raj Rajaratnam as a defendant in this action; and specifying that payment is made pursuant to this Final Consent Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Consent Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 90 days following entry of this Final Consent Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

III.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Consent Judgment forthwith and without further notice.

Dated: 12/24/12

_____
UNITED STATES DISTRICT JUDGE

**THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____**

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

RAJAT K. GUPTA and
RAJ RAJARATNAM,

Defendants.

11 Civ. 7566 (JSR)

ECF CASE

## CONSENT OF DEFENDANT RAJ RAJARATNAM

1. Defendant Raj Rajaratnam ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Defendant hereby consents to the entry of the Final Consent Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things orders Defendant to pay disgorgement in the amount of $1,299,120, plus prejudgment interest thereon in the amount of $147,738.

3. To the extent any relief ordered by this Court against Defendant in Securities and Exchange Commission v. Galleon Management, LP, 09 CV 8811 (JSR) is subsequently vacated by this Court based on a decision on appeal in the parallel criminal action titled United States v. Rajaratnam, 09 CR 184 (RJH), Defendant's liability under the Final Judgment shall be vacated.

1

4.  Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5.  Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

6.  Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

7.  Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.  Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.

9.  Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.

10. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the

2

allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 12/8/2012 .

*R. Rajaratnam* (signature)
Raj Rajaratnam

Approved as to form:

*Terence J. Lynam* (signature)
Terence J. Lynam
Attorney for Defendant

4